## COMMONWEALTH vs. WILLIAM ROLAND.

An indictment for unlawfully selling intoxicating liquors, "not being then and there duly appointed and authorized therefor," sufficiently excludes all modes of selling allowed by the *St.* of 1855, c. 215.

The *St.* of 1855, c. 405, § 1, declaring buildings used for the illegal sale of intoxicating liquors to be common nuisances, to be treated as such, does not repeal so much of the *St.* of 1855, c. 215, as to prevent the maintenance of an indictment upon § 17 thereof against a common seller of such liquors in a building.

INDICTMENT on *St.* 1855, c. 215, §§ 15, 17, for unlawful sales of intoxicating liquors, and for being a common seller thereof, "in a building then and there used by him as a shop and place of business," at Lynn, on certain days, "he not being then and there duly appointed and authorized therefor."

At the trial in the court of common pleas, before *Perkins*, J., the defendant requested the judge to instruct the jury that authority to sell intoxicating liquor was not negatived in the indictment, and that the words, "he not being then and there appointed and authorized therefor," only negatived authority in those instances under the law which require both appointment and authority. But the judge instructed the jury that all authority to sell under the statute was sufficiently negatived in the indictment.

The defendant also requested the judge to instruct the jury that under the count for being a common seller in a building, the defendant could not be convicted, because so much of the *St.* of 1855, c. 215, as authorized such a conviction was repealed by the *St.* of 1855, c. 405. But the judge declined so to instruct the jury, and instructed them that this count was good under *St.* 1855, c. 215.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*W. D. Northend*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

BY THE COURT. 1. It has been repeatedly decided by this court, that the words "not being duly appointed and authorized

therefor" sufficiently negative all legal authority.  *Common-
wealth* v. *Clapp,* 5 Gray, 97.   *Commonwealth* v. *Keefe,* 7 Gray,
332.   *Commonwealth* v. *Hoye,* 11 Gray, 462.

*2.* Alleging a party to have been a common seller in a build-
ing is not a charge under the *St.* of 1855, *c.* 405, which punishes
the habitual use of the building, a different offence.    That stat.
ute does not therefore repeal the earlier *St.* of 1855, *c.* 215.

*Exceptions overruled.*